UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2047 FMO (JEMx) | Date | **February 22, 2021** |
|---|---|---|---|
| Title | **Annette Serna v. Northrop Grumman Corporation** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | | |
|---|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):  Attorney Present for Defendant(s):

None Present  None Present

**Proceedings:**   (In Chambers) Order Re: Motion to Vacate Arbitration Award

Having reviewed and considered all the briefing filed with respect to plaintiff Annette Serna's ("plaintiff") Motion to Vacate Arbitration Award and Stay Proceedings to Enforce Arbitration Award (Dkt. 25, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

**BACKGROUND**

On January 28, 2016, plaintiff filed her First Amended Complaint against Northrop Grumman Corporation ("defendant") in state court, asserting the following employment-related claims under the Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code §§ 12900, et seq.: (1) disability discrimination; (2) failure to engage in good faith interactive process; (3) failure to provide reasonable accommodations; and (4) retaliation.  (See Dkt. 1-1, Exh. A, First Amended Complaint at ¶¶ 31-61).  Plaintiff also asserts a derivative common law wrongful termination claim. (See id. at ¶¶ 62-67).  Defendant removed the action to this court on March 25, 2016, (see Dkt. 1, Notice of Removal ("NOR")), and thereafter filed a motion to compel arbitration, (see Dkt. 17, Defendant['s] Motion to Compel Arbitration and [ ] Stay Action), which the court granted.  (See Dkt. 24, Court's Order of July 27, 2016).

The arbitration was conducted by JAMS arbitrator, Richard J. McAdams ("the arbitrator"). (See Dkt. 26-3, Exh. 3, Final Arbitration Award at 1).  Prior to the arbitration hearing ("the Hearing"), plaintiff filed a motion in limine to exclude evidence of plaintiff's disability benefits, (see Dkt. 26-2, Exh. 2, Claimant's Motion in Limine [ ] to Exclude Evidence of Claimant's Disability Benefits), which the arbitrator tentatively denied on the ground that JAMS Employment Arbitration Rule 22(d) permits consideration of such evidence.  (See Dkt. 28-1, Exh. 1, Email from Arbitrator to Parties).  During the Hearing, which lasted 13 days, (see Dkt. 28-1, Declaration of Roland Juarez at ¶ 5), nine witnesses testified, including plaintiff, and "over 400 exhibits were presented." (Id.).  The parties also filed post-Hearing briefing.  (See id. at ¶ 6).

On March 5, 2020, the arbitrator dismissed plaintiff's claims, finding that she was judicially

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2047 FMO (JEMx) | Date | February 22, 2021 |
|---|---|---|---|
| Title | Annette Serna v. Northrop Grumman Corporation | | |

estopped from asserting her FEHA claims and derivative common-law claim. (See Dkt. 26-3, Exh. 3, Final Arbitration Award at 29-31). A few years prior to the Hearing, an administrative law judge ("ALJ") of the Social Security Administration ("SSA") had concluded that plaintiff qualified for Social Security Disability Insurance ("SSDI") benefits. (See id. at 11). The arbitrator found that plaintiff's claims were barred by the doctrine of judicial estoppel, because "the arguments and the evidence Serna presented to the ALJ are directly in conflict with her claims that she was capable of performing her job with accommodations." (Id. at 29).

**LEGAL STANDARD**

"The Federal Arbitration Act ['FAA'] gives federal courts only limited authority to review arbitration decisions, because broad judicial review would diminish the benefits of arbitration." In re Sussex, 781 F.3d 1065, 1072 (9th Cir. 2015) (internal quotation marks omitted). The FAA permits a district court to vacate an arbitration award "only in very unusual circumstances." First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 942, 115 S.Ct. 1920, 1923 (1995); see In re Sussex, 781 F.3d at 1072 ("The [Supreme] Court has . . . made clear that motions to vacate will be granted only in very unusual circumstances to prevent arbitration from becoming merely a prelude to a more cumbersome time-consuming judicial review process.") (internal quotation marks omitted).

Under the FAA, a court may vacate an arbitration award where: (1) the award was procured by corruption, fraud or undue means; (2) there was evident partiality or corruption in the arbitrator; (3) the arbitrator was guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear evidence pertinent to and material to the controversy, or of any other misbehavior through which a party's rights have been prejudiced; or (4) the arbitrator exceeded his or her powers or imperfectly executed them. See 9 U.S.C. § 10(a); Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 583, 128 S.Ct. 1396, 1403 (2008) (Section "10 [of the FAA] provide[s] the FAA's exclusive grounds for expedited vacatur[.]"). "[W]hen reviewing the award of an arbitrator chosen by the parties to [an] agreement, [the court is] bound – under all except the most limited circumstances – to defer to the decision of another, even if [the court] believe[s] that the decision finds the facts and states the law erroneously." Stead Motors of Walnut Creek v. Auto. Machinists Lodge No. 1173, Int'l Ass'n of Machinists & Aerospace Workers, 886 F.2d 1200, 1204 (9th Cir. 1989) (en banc).

**DISCUSSION**

Plaintiff argues that "the arbitrator ignored the applicable legal standard exhibiting manifest disregard of the law in excess of his powers which warrants vacatur." (Dkt. 25, Motion at 8) (internal formatting omitted); (see id. at 8-14). As relevant here, the FAA provides that a court may vacate an arbitration award "where the arbitrators exceeded their powers[.]" 9 U.S.C. § 10(a)(4); see Comedy Club, Inc. v. Improv W. Assocs., 553 F.3d 1277, 1290 (9th Cir. 2009) ("[T]he manifest disregard ground for vacatur is shorthand for a statutory ground under the FAA, specifically 9 U.S.C.§ 10(a)(4), which states that the court may vacate 'where the arbitrators exceeded their powers.'"). "[A]rbitrators exceed their powers in this regard not when they merely

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2047 FMO (JEMx) | Date | February 22, 2021 |
|---|---|---|---|
| Title | Annette Serna v. Northrop Grumman Corporation | | |

interpret or apply the governing law incorrectly, but when the award is completely irrational, or exhibits a manifest disregard of law[.]" Kyocera Corp. v. Prudential-Bache Trade Servs., Inc., 341 F.3d 987, 997 (9th Cir. 2003) (en banc) (citation and internal quotation marks omitted).  It is not enough "to show that the [arbitrator] committed an error – or even a serious error.  It is only when [an] arbitrator strays from interpretation and application of the agreement and effectively dispense[s] his own brand of industrial justice that his decision may be unenforceable." Stolt-Nielson S.A. v. Animal-Feeds Int'l Corp., 559 U.S. 662, 671, 130 S.Ct. 1758, 1767 (2010) (alterations in original) (citations and internal quotations omitted).

"[F]or an arbitrator's award to be in manifest disregard of the law, it must be clear from the record that the arbitrator recognized the applicable law and then ignored it." Comedy Club, Inc., 553 F.3d at 1290 (internal quotation and alteration marks omitted).  Moreover, "the governing law alleged to have been ignored by the arbitrators must be well defined, explicit, and clearly applicable."  Collins v. D.R. Horton, Inc., 505 F.3d 874, 879-80 (9th Cir. 2007) (emphasis in original) (internal quotation and alteration marks omitted).

     A.     Consideration of Evidence Relating to Plaintiff's Receipt of SSDI Benefits.

Plaintiff contends that the arbitrator's decision "demonstrates manifest disregard for [ ] the law" because the arbitrator "improperly considered evidence pertaining to Plaintiff's SSDI benefits applications on a substantive basis."[1]  (Dkt. 25, Motion at 9).  According to plaintiff, "the Supreme Courts of both the United States and California have routinely held that references to a plaintiff-employee receiving disability or social security benefits at any phase of a trial is irrelevant and [ ] prejudicial[,]" and the arbitrator improperly denied plaintiff's motion in limine to exclude this evidence and improperly relied on this evidence in reaching his decision.  (See id. at 9-10).  Plaintiff's contentions are unpersuasive.

Here, the arbitrator recognized the applicable evidentiary rule – JAMS Employment Arbitration Rule 22(d) – and applied it to the facts of the case.  JAMS Employment Arbitration Rule 22(d) provides that "[s]trict conformity to the rules of evidence is not required, . . . [and t]he Arbitrator shall consider evidence that he or she finds relevant and material to the dispute, giving the evidence such weight as is appropriate."  (Dkt. 28-1, Exh. 1, September 19, 2019, Email From Arbitrator to Parties).  Plaintiff has not established that the arbitrator violated the parties' arbitration agreement by relying upon rules other than the applicable JAMS rules.  (See, generally, Dkt. 25, Motion); (see also Dkt. 17-2, Exh. 20, 2013 Employee Mediation/Binding Arbitration Program at 197) ("The party who did not initiate the arbitration can choose between either the

---

[1] Plaintiff also suggests that she was the victim of a "hopelessly corrupt private court system clearly designed to deprive everyday people of their constitutional and statutory rights[.]" (Dkt. 25, Motion at 2).  Plaintiff, however, presents no evidence indicating that the arbitrator was impartial or corrupt in any way, and the record demonstrates that the arbitrator has no ownership interest in JAMS.  (See Dkt. 28-1, Exh. 6, April 6, 2020, Letter from Sheri Eisner to Parties).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2047 FMO (JEMx) | Date | **February 22, 2021** |
|---|---|---|---|
| Title | Annette Serna v. Northrop Grumman Corporation | | |

JAMS or the AAA [ ] to administer the arbitration. . . . [T]he arbitrator will apply the Tribunal's then-current Arbitration Rules and Procedures for Employment Disputes, or equivalent."). The arbitrator complied with the agreement by looking to the applicable JAMS rules and applying them to the dispute before him. See, e.g., Sanchez v. Elizondo, 878 F.3d 1216, 1223 (9th Cir. 2018) ("The arbitrator did not violate directly the parties' initial agreement by relying upon rules other than the FINRA Rules that the agreement deemed applicable. Rather, he complied with that agreement in looking to the FINRA Rules and discussing their applicability with the parties."). In other words, because the arbitrator deemed the evidence relating to what plaintiff presented to the SSA relevant and material to the dispute, the arbitrator did not exhibit a manifest disregard of the law with respect to the consideration of such evidence.

Finally, the cases plaintiff cites, (see Dkt. 25, Motion at 9-10), to support her position that the arbitrator improperly admitted and considered evidence relating to her SSDI benefits involved different factual contexts and different legal standards. See, e.g., Baroni v. Rosenberg, 209 Cal. 4, 6-7 (1930) (addressing whether admission of evidence as to the plaintiff's acceptance of benefits was prejudicial where evidence was admitted during jury trial); Mitchell v. Iowa Interstate RR Ltd., 2010 WL 2089298, *2 (C.D. Ill. 2010) (same). However, even assuming plaintiff's position was correct, the arbitrator's decision was, at most, "an error in the law or a failure on the part of the arbitrator[] to understand or apply the law." Biller v. Toyota Motor Corp., 668 F.3d 655, 665 (9th Cir. 2012) (internal quotation marks omitted). This is insufficient to establish a manifest disregard of the law. See Collins, 505 F.3d at 879 ("The manifest disregard exception requires something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand and apply the law.") (internal quotation marks omitted).

  B. <u>Application of Judicial Estoppel</u>.

Plaintiff next argues that the arbitrator's decision was "based upon a novel application of judicial estoppel which runs contrary to all Federal and California precedent and which demonstrates the Arbitrator was operating in manifest disregard of the law." (Dkt. 25, Motion at 10). According to plaintiff, "the Arbitrator, in direct contravention of well-settled Federal and California precedent, concluded that the ALJ's finding of disability pursuant to the SSA precluded Plaintiff's pursuit of disability discrimination and related claims under the FEHA." (Id. at 12).

As an initial matter, despite the arbitrator's statement that "[c]ases have found that the receipt of SSDI benefits or workers' compensation benefits can bar a plaintiff from claiming disability discrimination under the doctrine of judicial estoppel[,]" (Dkt. 26-3, Exh. 3, Final Arbitration Award at 27), the arbitrator did not cite a single state or federal case to support his assertion. (See, generally, id. at 25-29). In any event, the court agrees with plaintiff that the arbitrator incorrectly applied the law relating to the judicial estoppel doctrine.

It is well-settled that, contrary to the arbitrator's assertion, judicial estoppel generally does not apply in circumstances similar to those before the court. See, e.g., Bell v. Wells Fargo Bank, N.A., 62 Cal.App.4th 1382, 1388-89 (1998) (holding that plaintiff was not judicially estopped from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2047 FMO (JEMx) | Date | February 22, 2021 |
|---|---|---|---|
| Title | Annette Serna v. Northrop Grumman Corporation | | |

pursuing disability discrimination claim where he previously represented that he was unable to work in his application for disability benefits because the possibility remained that he could have worked with reasonable accommodations); Prilliman v. United Air Lines, Inc., 53 Cal.App.4th 935, 962-63 (1997) (holding that plaintiff was not judicially estopped from pursuing disability discrimination claim where he previously submitted benefits applications stating that he was "medically grounded" from his employment as a pilot because such evidence did not demonstrate that he was unable to continue working for the defendant in a different position); Lujan v. Pacific Maritime Ass'n, 165 F.3d 738, 741 (9th Cir. 1999) (holding that plaintiff was not judicially estopped from pursuing his disability discrimination claim even though he previously represented to the SSA that he was unable to work because he did not represent that he was "completely disabled for all work-related purposes"). California courts have "stated that the mere receipt of disability benefits, as well as representations made by an employee in obtaining them, do not necessarily mean the employee is unable to perform his or her job." Davis v. L.A. Unified Sch. Dist. Personnel Comm'n, 152 Cal.App.4th 1122, 1140 (2007). Federal courts have held the same in the context of federal social security disability benefits. See Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 802-05, 119 S.Ct. 1597, 1602-03 (1999) (recognizing that a presumption under the ADA against a social security benefits recipient's success would be inappropriate because: (1) the SSA does "not take the possibility of reasonable accommodation into account[;]" and (2) to administer a large benefits system efficiently, the SSA relies on many presumptions such that individuals may qualify for SSDI benefits but still remain capable of "performing the essential functions" of his or her job) (internal quotation and alteration marks omitted); Johnson v. State, Oregon Dept. of Human Resources, Rehabilitation Div., 141 F.3d 1361, 1367 (9th Cir. 1998) ("Thus, neither application for nor receipt of disability benefits *automatically* bars a claimant from establishing that she is a qualified person with a disability under the ADA.").

The Ninth Circuit's decision in Lujan illustrates the arbitrator's improper application of judicial estoppel to the facts of this case. In Lujan, the plaintiff alleged violations of his rights under FEHA and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq. because he was denied access to certain jobs because of his physical disability.[2] 165 F.3d at 739. The trial court granted summary judgment to the employer on the ground that the plaintiff "was estopped from asserting that he was qualified to work as a longshoreman because he previously had stated in an application for disability benefits that he was totally disabled, and he still was receiving Social Security benefits." Id. at 740. The plaintiff appealed, and the Ninth Circuit reversed, stating that the application of judicial estoppel was inappropriate because the

---

[2] "Because the FEHA provisions relating to disability discrimination are based on the ADA, decisions interpreting federal anti-discrimination laws are relevant in interpreting the FEHA's similar provisions." Humphrey v. Memorial Hosps. Ass'n, 239 F.3d 1128, 1133 n. 6 (9th Cir. 2001) ("We analyze [plaintiff's] state and federal disability claims together, relying on federal authority in the absence of contrary or differing state law."); see also Bradley v. Harcourt, Brace & Co., 104 F.3d 267, 271 (9th Cir. 1996) ("California relies on federal discrimination decisions [under the ADA] to interpret the FEHA.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2047 FMO (JEMx) | Date | February 22, 2021 |
|---|---|---|---|
| Title | Annette Serna v. Northrop Grumman Corporation | | |

plaintiff's "statement that he is 'unable to work' [in his disability benefits application] is more readily construed as an assertion that he is eligible for total disability benefits than as an 'unconditional representation' that he is 'completely disabled for all work-related purposes.' Lujan did not state in his disability application that he is unable to perform any specific tasks that are an essential function of every job for which he would apply with" his employer. Id. at 741 (citations omitted).

Here, the arbitrator concluded that the application of judicial estoppel was appropriate based on the SSA's decision that plaintiff was disabled within the meaning of the Social Security Act. (See Dkt. 26-3, Exh. 3, Final Arbitration Award at 26-27) (discussing ALJ's finding that the plaintiff was "unable to do [her] previous work [and], considering [her] age, education, and work experience, [could not] engage in any other kind of substantial gainful work [ ] exist[ing] in the national economy"). In other words, like the plaintiff in Lujan, plaintiff here claimed that she was disabled within the meaning of the Social Security Act. However, there is no indication in the record that plaintiff ever represented to the SSA that she could not work, even with an accommodation. (See, generally, id.). Indeed, it was unnecessary for plaintiff to make such a representation to the SSA because the Social Security Act "neither asks nor considers whether individuals can work with accommodation." Johnson, 141 F.3d at 1370.

Under the arbitrator's analysis, all individuals awarded social security disability benefits – notwithstanding the fact that such determinations do not take into account whether workplace accommodations are possible – would be barred from pursuing FEHA or ADA disability discrimination claims. Such an interpretation is clearly at odds with state and federal precedent that require a careful evaluation of the record to determine whether the individual made factual statements in the prior disability application that he or she was unable to perform any work even with an accommodation. See, e.g., Johnson, 141 F.3d at 1370 (Plaintiff "did not tell the SSA that she could not work even with accommodation."); Lujan, 165 F.3d at 741 (Plaintiff's "statement that he is 'unable to work' [in his disability benefits application] is more readily construed as an assertion that he is eligible for total disability benefits than as an 'unconditional representation' that he is 'completely disabled for all work-related purposes[.]'"). Other than the SSA's finding that plaintiff is disabled within the meaning of the Social Security Act, (see Dkt. 26-3, Exh. 3, Final Arbitration Award at 11), the arbitrator never addressed or pointed to any factual statements in the record showing that plaintiff made a specific representation to the SSA that she was unable to work even with an accommodation. (See, generally, Dkt. 26-3, Exh. 3, Final Arbitration Award at 25-29). In short, the arbitrator clearly erred in his application of judicial estoppel to this case.

However, the arbitrator's error in applying the law of judicial estoppel is insufficient to constitute a "manifest disregard of the law." "The manifest disregard exception requires something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand and apply the law." Collins, 505 F.3d at 879 (internal quotation marks omitted). Here, the record indicates that the arbitrator "recognized the applicable law" and, despite the arbitrator's incorrect application of judicial estoppel, the court cannot find that the arbitrator

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2047 FMO (JEMx) | Date | February 22, 2021 |
|---|---|---|---|
| Title | Annette Serna v. Northrop Grumman Corporation | | |

exceeded his powers.³  See Biller, 668 F.3d at 665 ("[A]rbitrators exceed their powers . . . not when they merely interpret or apply the governing law incorrectly, but when the award is completely irrational[.]") (internal quotation marks omitted); Collins, 505 F.3d at 879-80 (plaintiff must present evidence that the arbitrator recognized and ignored "well defined, explicit, and clearly applicable" law) (emphasis omitted); Michigan Mut. Ins. v. Unigard Sec. Ins., 44 F.3d 826, 832 (9th Cir. 1995) ("It must be clear from the record that the arbitrator[] recognized the applicable law and then ignored it.").

## **CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Motion to Vacate Arbitration Award **(Document No. 25)** is **denied**.

2. Judgment shall be entered accordingly.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |

---

³ Plaintiff also seeks relief from this court's order granting defendant's motion to compel arbitration on the ground that the court relied on Dang v. Samsung Elecs. Co., 2015 WL 4735520 (N.D. Cal. 2015) in finding that plaintiff had inquiry notice of the 2013 Arbitration Agreement, and the Ninth Circuit has since reversed Dang. (See Dkt. 25, Motion at 15); (Dkt. 29, Reply at 20-22). That Dang was reversed does not require the court to modify its decision since Dang was simply persuasive authority.  Also, the court independently granted defendant's motion to compel arbitration on the ground that plaintiff was required to arbitrate her claims pursuant to the 2010 Arbitration Policy.  (See Dkt. 24, Court's Order of July 27, 2016, at 4-7).  Thus, plaintiff's request for relief from the Court's Order of July 27, 2016, is denied.